[Department Two.— July 20, 1883.]

## J. S. SHARP, RESPONDENT, v. SPERRY DYE, ADMISTRATOR, APPELLANT.

LETTERS OF ADMINISTRATION — SEAL OF THE COURT. — It is not necessary or material that the seal of the court to letters of administration should be affixed at the particular place indicated in the form prescribed by section 1362 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Sacramento County vacating and setting aside an order granting letters of administration, and directing the issuance of special letters to respondent.

Letters of administration had been issued to the appellant in the matter of the estate of John W. Sharp, deceased, and he had qualified and entered upon the duties of his office. The respondent petitioned the court to revoke the letters issued to appellant, because they were insufficient, irregular, and not in conformity with the requirement of section 1362 of the Code of Civil Procedure and to grant special letters to petitioner.

*L. S. Taylor*, for Appellant.

*Elwood Bruner*, for Respondent.

PER CURIAM. — Letters of administration must be signed by the clerk under the seal of the court, and substantially in the following form : State of California, county or city and county of——, C. D. is hereby appointed administrator of the estate of A. B., deceased, (Seal), witness, G. H., clerk of the Superior Court of the county or city and county of——, with the seal thereof affixed the —— day of——, A. D., 18—. By order of the court. G. H., Clerk." (Code Civ. Proc. § 1362.)

The document to which our attention is directed is in the form above prescribed, except that the seal is not affixed between the principal and attestation clauses, but is affixed at the bottom of the page which contains said clauses, and to the left of the signature of the clerk to the jurat of the adminis-trator's oath of office. On the argument a paper was exhibited to the court, by consent of counsel on both sides, as a *fac-simile* of the paper under which appellant claims to have been appointed administrator. It commences: "State of California, county of Sacramento, ss. — Sperry Dye is hereby appointed administrator of the estate of John W. Sharp, deceased." Next follows the attestation clause. Then the oath of office with the jurat, and then the seal of the court affixed to the left of the signature of the clerk.

It is contended by respondent's counsel that these are not "letters of administration," because the seal of the court is not affixed at the place indicated in the form prescribed by the Code above cited. But the Code only requires that they shall be *substantially* in that form; that is, essentially, by including the material or essential part. And it is not material or essen-tial that the seal should be affixed at the place indicated in the form, unless the fact of a place being so indicated makes the affixing of it at that particular place material or essential. But that would be to so construe the law as to require a literal where it expressly requires only a substantial compliance with the form prescribed. The Civil Code provides that "a corporate or *official* seal may be affixed to an instrument by a mere impres-

sion upon the *paper* or other material on which such instrument is written." (Civ. Code, § 1628.) It was not necessary to affix a seal of the court to any other matter contained on the sheet or page upon which the letters of administration were written, but it was necessary to affix one to said letters, and we think under the circumstances that the affixing of a seal upon the paper on which said letters were written was a substantial compliance with the law.

Order reversed.